1  Matthew Borden, Esq. (SBN: 214323)
       borden@braunhagey.com
2  BRAUNHAGEY & BORDEN LLP
   351 California Street, 10th Floor
3  San Francisco, CA 94104
   Tel: (415) 599-0210
4  Fax: (415) 276-1808

5  Pratik K. Raj Ghosh (*pro hac vice* forthcoming)
       ghosh@braunhagey.com
6  BRAUNHAGEY & BORDEN LLP
   118 W 22nd Street, 12th Floor
7  New York, NY 10011
   Tel & Fax:  (646) 829-9403

8
   *Attorneys for Defendants Robert C. Higgins,*
9  *Sharon E. Higgins, 3G Green Garden Group,*
   *Inc., Emerald Harvest, Inc., and Nominal*
10 *Defendant 3G Green Garden Group, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PRATT, an individual, derivatively on behalf of 3G GREEN GARDEN GROUP, LLC D.B.A. EMERALD HARVEST, a California Limited Liability Company,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT C. HIGGINS, an individual; SHARON E. HIGGINS, an individual; 3G GREEN GARDEN GROUP, INC., a Canadian Corporation; EMERALD HARVEST, INC., a Canadian Corporation; and DOES 1 through 50, inclusive,<br><br>*Defendants*,<br><br>    -and-<br><br>3G GREEN GARDEN GROUP, LLC D.B.A. EMERALD HARVEST, a California Limited Liability Company,<br><br>*Nominal Defendant.* | Case No.: 3:22-cv-4228<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>(Removal from the Superior Court of the State of California, Sonoma County, Case No. SCV-271011) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Robert C. Higgins, Sharon E. Higgins, 3G Green Garden Group, Inc., and Emerald Harvest, Inc. ("Defendants") and 3G Green Garden Group, LLC ("Nominal Defendant") hereby remove this action from the Superior Court of the State of California, Sonoma County to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This is a civil action with complete diversity among parties and the amount in controversy exceeds $75,000.

In accordance with 28 U.S.C. §1446(a), set forth is a statement of the grounds for removal.

**I.   PLAINTIFF'S COMPLAINT AND STATE COURT PROCEEDINGS**

1. On June 15, 2022, Plaintiff David Pratt filed a purported Verified Derivative Complaint ("Compl.") against Defendants, styled *Pratt vs. Higgins, et al.*, Case No. SCV-271011, in the Superior Court of the State of California, Sonoma County (the "State Court Action").

2. Defendants received a copy of the Summons and Complaint on June 23, 2022. True and correct copies of the Complaint, Summons, and all other accompanying materials filed in the State Court Action are attached hereto as **Exhibit A**.

3. Defendant Robert Higgins is a Canadian citizen. He has over 25 years of experience developing fertilizers for sustainable agriculture.

4. In 2014, Mr. Higgins founded Defendant Emerald Harvest, Inc., a Canadian corporation ("Emerald Harvest"). Emerald Harvest owns the formulations that Mr. Higgins developed over 25 years in the industry, intellectual property, trade secrets, trade dress and artwork for producing high-quality plant fertilizers, nutrients, and supplements. As the sole shareholder of Emerald Harvest, Mr. Higgins has paid all the taxes for Emerald Harvest since its inception, amounting to several millions of dollars.

5. In 2014, Mr. Higgins also formed Defendant 3G Green Garden Group, Inc., a Canadian corporation ("3G Green Garden Group Canada"), a Canadian Corporation. 3G Green Garden Group Canada is a Canadian holding company, and Mr. Higgins is the exclusive owner.

6. In 2014, Mr. Higgins also formed 3G Green Garden Group, LLC ("3GL") with his wife, Defendant Sharon Higgins, and one of his sales associates, Plaintiff David Pratt. 3GL mixes, packages and sells fertilizers, nutrients and supplements using the formulas and trade dress developed and owned by Emerald Harvest, under the brand name Emerald Harvest®.

7. Every year since 2014, Plaintiff has been issued a K-1 from 3GL indicating that he is a 25% shareholder of 3GL. Plaintiff has never been issued a K-1 for Emerald Harvest. Plaintiff has never paid any tax for Emerald Harvest or otherwise had any reason to believe that he somehow owns any portion of Emerald Harvest.

8. After making plans to try to paint himself as an owner of Emerald Harvest (some of which he committed to writing on his work computer), Plaintiff filed the instant action, claiming that he is entitled to profits from Emerald Harvest. The complaint purports to allege causes of action for breach of fiduciary duty, breach of duty of good faith and fair dealing, improper distributions, unjust enrichment and restitution, conversion, concealment, accounting, dissociation, and appointment of receiver.

9. Since 2014, Plaintiff was fully aware of the transactions he now complains of and has been fully compensated for his services.

## II. THIS NOTICE OF REMOVAL IS TIMELY

10. Defendants received a copy of the Summons and Complaint on June 23, 2022. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty days after the receipt by Defendants of the Complaint and Summons.

## III. JURISDICTION

11. This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction).

12. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), which provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## IV. BASIS FOR REMOVAL JURISDICTION

13. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1332(a)(2), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a state and citizens or subjects of a foreign state."

### A. Citizenship

14. Plaintiff alleges that he is a resident of Sonoma County, California. (Compl. ¶ 1.)

15. Defendant Robert C. Higgins and Defendant Sharon E. Higgins are residents of British Columbia, Canada. (Compl. ¶¶ 3-4.)

16. Defendant Emerald Harvest, Inc. is incorporated under the laws of British Columbia, Canada. Emerald Harvest's executive and administrative functions are performed in British Columbia, Canada and therefore its principal place of business is British Columbia, Canada. (Declaration of Robert C. Higgins ("Higgins Decl.") ¶¶ 2-3.)

17. Defendant 3G Garden Group, Inc. incorporated under the laws of British Columbia, Canada. 3G Garden Group, Inc.'s executive and administrative functions are performed in British Columbia, Canada and therefore its principal place of business is British Columbia, Canada. (*See* Higgins Decl. ¶¶ 4-5.)

18. Plaintiff names 3G Green Garden Group, LLC, a California LLC, not as a real party in interest but rather as a "nominal defendant." (Compl. ¶ 6.) As the Ninth Circuit has explained, courts must "'disregard nominal or formal parties' for purposes of determining diversity jurisdiction." *Renfroe v. Citibank, NA as trustee of NRZ Pass-Through Tr. VI*, 776 F. App'x 415, 417 (9th Cir. 2019) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)); *see also Boruta v. JPMorgan Chase Bank, N.A.*, No. 19-CV-07257-WHO, 2020 WL 887784, at *4 (N.D. Cal. Feb. 24, 2020), *appeal dismissed*, No. 20-15524, 2021 WL 1171768 (9th Cir. Feb. 19, 2021) (denying a motion to remand and holding that the citizenship of a nominal defendant was "irrelevant to the diversity of citizenship between the parties").

19. Plaintiff also names Defendants Does 1 through 50. (Compl. ¶ 7.) Pursuant to 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded."

20. Because Plaintiff is a citizen of California and Defendants are citizens of Canada, complete diversity of citizenship exists in this action. *See* 28 U.S.C. § 1332(a)(2).

### B. Amount in Controversy

21. Although Plaintiff's claims are meritless, "in assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sley v. USAA Cas. Ins. Co.*, No. 5:16-CV-04882-HRL, 2017 WL 2114773, at *1 (N.D. Cal. May 16, 2017) (citation omitted).

22. In this case, Plaintiff seeks "restitution against Mr. Higgins, Mrs. Higgins, 3HI and 3GI for whatever sums may be found owing to 3GL and its members" (Compl. ¶ 7) and alleges that there were $5,011,000 in transfers from 3GL to Emerald Harvest (*id.* ¶ 121), $2,901,701 in transfers from 3GL to 3GI (*id.* ¶ 122), $6,756,263 in transfers from 3GL to Mr. Higgins (*id.* ¶ 123, and $137,000 in transfer from 3GL to Mrs. Higgins (*id.* ¶ 124).

23. The Complaint also alleges that Defendants' conduct "have caused actual damages to Mr. Pratt in an amount that exceeds $2,000,000." (Compl. ¶ 156.)

24. Given these allegations, it is facially evident from the allegations in the Complaint that more than $75,000 is in controversy in this litigation.

### C. Consent

25. Each of the Defendants consents to the removal of this action. (Higgins Decl. ¶ 6; Declaration of Sharon E. Higgins ¶ 2.)

## V. VENUE IS PROPER

26. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1931, 1441(a), as the State Court Action was filed in the Sonoma County Superior Court, which is within this federal judicial district.

## VI. NOTICE TO STATE COURT AND PLAINTIFF

27. The written notice required by 28 U.S.C. § 1446(d) will be filed simultaneously in the Superior Court of California for the County of Sonoma with the filing of this Notice of Removal and will be promptly served on Plaintiff's counsel of record.

## VII. RESERVATION OF ALL AVAILABLE RIGHTS AND DEFENSES

28. By filing this Notice of Removal, Defendants do not waive any legal defenses and expressly reserves their rights to raise any and all legal defenses.

## CONCLUSION

WHEREFORE, Defendants hereby remove this case from the California Superior Court for the County of Sonoma to this Court.

Dated: July 20, 2022

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By:  /s/ Matthew Borden
    Matthew Borden, Esq.

*Attorney for Defendants Robert C. Higgins, Sharon E. Higgins, Green Garden Group, Inc., Emerald Harvest, Inc., and Nominal Defendant 3G Green Garden Group, LLC*