UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PRATT,<br><br>             Plaintiff,<br><br>   v.<br><br>ROBERT C. HIGGINS, et al.,<br><br>             Defendants. | Case No.  22-cv-04228-HSG (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 73 |

      This order resolves the parties' discovery dispute filed at Dkt. 73.  Following the January 11, 2024, hearing before the undersigned, Plaintiff grouped their requests for production of documents into 13 categories. Dkt. 73 at 1.  Categories 1–11 are at issue here.  The Court resolves the parties' discovery dispute as follows:

<u>Categories 1–5, 7, and 8</u>

      Plaintiff seeks an order compelling Defendants to "produce all responsive documents by a date certain, i.e., within 10 days." *Id.* at 3.  Defendants have "acknowledged that these were generally relevant documents" but is requesting Plaintiff provide search terms to result in a reasonable search "that is proportional to the needs of the case and that is not burdensome or unduly expensive." *Id.* at 4 (citing Fed. R. Civ. P. 26(b)(1)).  Plaintiff has agreed to provide search terms for "requests [of Category 7] calling for production of communications with foreign and domestic government entities." *Id.* at 3.

      The party seeking discovery has the burden to establish relevance, while the party

opposing production has the burden to show why such discovery should be denied. *In re Cathode Ray Tube Antitrust Litig.*, 2023 WL 5667880, at *2 n.9 (N.D. Cal. July 6, 2023)*; see Blankenship v Hearst Corp.*, 519 F.2d 418, 429 (9th Cir 1975) ("Under the liberal discovery principles of the Federal Rules [the objecting parties] were required to carry a heavy burden of showing why discovery was denied.").

Here, the parties do not dispute the relevance of Plaintiff's requests, but Defendants object on the grounds that the production is not proportional to the needs of the case. Defendants have provided only conclusory statements regarding the search being "burdensome or unduly expensive," and have provided no details to quantify or support this objection. *See* Dkt. 73 at 4. Defendants have not met their "heavy burden" in showing why discovery should be denied. *See Blankenship*, 519 F.2d at 429.

Defendants are ordered to produce all responsive documents by **March 1, 2024**.

Category 6

Plaintiff seeks all responsive documents reflecting intellectual property. Defendants object and propose "producing only documents evidencing ownership of the intellectual property at issue at this stage." Dkt. 73 at 4. Defendants concede the relevance of documents reflecting ownership of the intellectual property assets. The underlying intellectual property, however, is also relevant to ownership --*what* is owned? The Court-approved protective order (Dkt. 72) sufficiently addresses Defendants' concerns about proprietary information.

By **March 1, 2024,** Defendants must produce all responsive documents to the requests of Category 6.

Category 9

Category 9 covers "disputed transactions and the chain of custody for the alleged

diversion of 3GL's assets and property to Defendants." Dkt. 73, Ex. A at 6. Defendants do not question the relevance of the topic, but propose "tabling" production. Dkt. 73 at 3. There is no stay of discovery, and the end of fact discovery is currently set at March 11, 2024. The Court is not persuaded there is any justification for delaying the discovery related to this relevant topic.

Defendant is ordered to produce all responsive documents by **March 1, 2024**. To the extent that a document is responsive to more than one request, it need only be produced once; prior productions responsive to another request may easily be identified and incorporated by reference as a response.

<u>Category 10</u>

Category 10 concerns "Plaintiff's Evernote account." Dkt. 73, Ex. A at 6. Plaintiff cites to the second amended complaint (SAC) as including "allegations concerning Plaintiff's Evernote account [] and states a claim for violation of Penal Code § 496." Dkt. 73 at 3 (citing Dkt. 44, SAC ¶¶ 83–84). Defendants challenge the relevance of these requests, and also assert that they cannot access the account. *Id.* at 4–5.

Judge Gilliam dismissed Plaintiff's claim under Section 502 of the California Penal Code directed to accessing or taking data without permission. Dkt. 42 at 16. Plaintiff's pending Section 496 claim deals with "a series of improper transfers of assets and funds by the Higginses for their benefit at the expense of 3GL and Plaintiff." *Id.* at 15–16. Plaintiff contends that the Evernote account is his own account and that the account is relevant to the Section 496 claim. Dkt. 73 at 3; SAC ¶ 83.

It appears Defendants may have access to the Evernote account but are simply following the Plaintiff's own instructions to "not access such documents." Dkt. 73 at 5. To the extent

that Defendants (i) have access to or control of Plaintiff's Evernote account; or (ii) have "possession, custody, or control" of the contents of the Evernote account, Defendants shall produce all responsive documents by **March 1, 2024**.  *See* Fed. R. Civ. P. 34(a)(1).

Category 11

Category 11 is "disputed transactions and the chain of custody for the alleged diversion of 3GL's assets and property to Defendants."  Dkt. 73, Ex. A at 6.  Defendants contend that the "proper method for plaintiff to obtain such documents is through a letter rogatory directed to Canada's foreign discovery procedures."  Dkt. 73 at 5.  Because 3GP is a Canadian entity, to the extent Plaintiff is requesting books and records from 3GP directly, he must go through the proper channels.  However, to the extent that defendants R. Higgins and S. Higgins have responsive documents in their "possession, custody, or control," they must produce those documents by **March 1, 2024**.  *See* Fed. R. Civ. P. 34(a)(1).

**IT IS SO ORDERED.**

Dated:  February 15, 2024

Alex G. Tse
United States Magistrate Judge