UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PRATT,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT C. HIGGINS, et al.,<br><br>          Defendants. | Case No. 22-cv-04228-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 97 |

Before the Court is a motion to remand filed by Defendants Robert Higgins ("Mr. Higgins"), Sharon Higgins ("Mrs. Higgins"), and Green Garden Group, LLC ("3GL"). Dkt. No. 97 ("Mot."). Plaintiff and Counter-defendant David Pratt ("Mr. Pratt") responded to the motion. Dkt. No. 108. The Court finds the motion appropriate for disposition without oral argument and it is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to remand.

Defendants move to remand this case to Sonoma County Superior Court. Defendants initially removed the case under 28 U.S.C. § 1332(a) based on diversity jurisdiction. *See* Dkt. No. 1 at 2. But Defendants now argue that removal was improper and the case must be remanded because Mr. Pratt and 3GL are both California citizens. Mot. at 3–4. Defendants explain that while Mr. Pratt is the Plaintiff, he is also a member of 3GL. And since an "LLC is citizen of every state of which its owners/members are citizens," Mr. Pratt's California citizenship also applies to 3GL. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants persuasively explain that this is so even though Plaintiff named 3GL as a "nominal defendant," given that Plaintiff purports to bring a derivative claim on 3GL's behalf. *See In re Digimarc*

*Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Because a derivative lawsuit brought by a shareholder is not his own but the corporation's, the corporation is the real party in interest."). Because Plaintiff and one Defendant are citizens of the same state, there is no complete diversity, and the Court does not have subject matter jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal.").[1] The Court accordingly GRANTS the motion to remand, which Plaintiff does not oppose. *See* Dkt. No. 108.

Though Plaintiff does not oppose the motion to remand, he argues that the Court must vacate its prior order dismissing defendants 3GI and EHI for lack of personal jurisdiction. *See* Dkt. 76 ("Dismissal Order"). Plaintiff argues that vacating the Dismissal Order is necessary to avoid prejudice now that the Court has found it lacked jurisdiction over this case from the start. Defendants' reply brief does not address this argument. *See generally* Dkt. No. 109. In *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004), the Ninth Circuit considered a procedurally parallel situation: a district court granted a motion to dismiss certain (but not all) defendants for lack of personal jurisdiction. Subsequently, the court remanded the case to state court because the case had been improperly removed since the required diversity of citizenship never existed. *See id*. The Ninth Circuit held that once the district court determined that the case was improperly removed, it should have vacated its prior order dismissing certain defendants for lack of personal jurisdiction. The district court's "partial determination of personal jurisdiction and subsequent failure to vacate that determination" prejudiced the plaintiff because the partial dismissal was not a final appealable order, and thus left the plaintiff with "no adequate alternate remedy, such as direct appeal, to attain relief, *i.e.,* to reverse or vacate" the district court's decision. *Id*. at 994–95. This case is on all fours with *Special Investments*, and the Court thus

---

[1] And as Defendants note, even if 3GL were considered to be the plaintiff with respect to the derivative claim, there still would not be complete diversity, because in that instance there would be a Canadian Plaintiff (3GL) and Canadian Defendants (the Higgins Defendants). Mot. at 5. So however real party in interest 3GL is aligned here, the result is the same: the Court lacks diversity jurisdiction.

2

1  VACATES its Dismissal Order. *See* Dkt. No. 76.

2        In addition to seeking vacatur of the Dismissal Order, Plaintiff requests that the Court orders Defendants to pay his attorneys' fees. *See* Opp. at 2–8. This Court may award attorneys' fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Conversely, "when an objectively reasonable basis exists, fees should be denied." *Id*. The Court denies Plaintiff's request for fees. Plaintiff has not shown that Defendants lacked an objectively reasonable basis for seeking removal given the wrinkle resulting from Plaintiff's identification of 3GL in the complaint as a "nominal defendant." *See* Dkt. No. 1-1 at ¶¶ 6; *Id*. at ¶ 18 (citing Ninth Circuit and district court authority regarding treatment of "nominal . . . parties for purposes of determining diversity jurisdiction"). And following Defendants' removal in July 2022, Plaintiff never moved to remand on the basis that removal was improper. To the contrary: Plaintiff himself affirmatively asserted multiple times that this Court had jurisdiction because complete diversity of citizenship existed between the parties. *See* Dkt. No. 16 ("FAC") at ¶14 and Dkt. No. 44 ("SAC") at ¶ 21. Accordingly, in its discretion, the Court denies Plaintiff's fee request.[2]

      The Court **GRANTS** Defendants' motion to remand and **REMANDS** the case to Sonoma Superior Court. *See* Dkt. No. 97. The clerk is directed to remand the case and close the file. Further, the Court **VACATES** its prior Dismissal Order. *See* Dkt. No. 76.

      **IT IS SO ORDERED.**

Dated: May 24, 2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] All this said, and simply put, the parties' collective failure to identify and raise the jurisdictional issue much earlier has resulted in a major waste of this Court's limited resources and time.